IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> ALLIED BENEFIT SYSTEMS, INC., *et al.*, <br><br> Defendants. | No. 22-cv-02972 <br><br> Judge John F. Kness |

**MEMORANDUM OPINION & ORDER**

Plaintiff Advanced Physical Medicine of Yorkville, Ltd. brings this action against Defendants Allied Benefits Systems, Inc. and Paramedic Services of Illinois, Inc. under the Employee Retirement Income Security Act ("ERISA") to recover benefits due under the terms of a health benefits plan, 29 U.S.C. § 1332(a)(1)(B), and for statutory penalties because of Defendants' alleged failure to furnish a copy of certain plan documents, 29 U.S.C. §§ 1332(a)(1)(A) and (c)(1). (Dkt. 1, ¶ 1.)

Plaintiff provides chiropractic and other medical treatments to patients covered under an ERISA group health benefits plan administered by Paramedic Services (the "Plan"). (*Id.* ¶ 2, 5.) As relevant to this case, Plaintiff provided Brandi Levick ("Patient") with chiropractic treatment covered under the Plan. (*Id.* ¶ 2.) Plaintiff, as Patient's authorized representative, submitted claims for the chiropractic treatments to Allied, the Plan's third-party claims processor. (*Id.* ¶ 12.)

Allied allegedly underpaid Plaintiff for these chiropractic treatments. (*Id.* ¶ 13.) Plaintiff twice appealed Allied's payments, but Allied denied both appeals because it determined that the claims had been properly processed.[1] (*Id.* ¶¶ 14-17.)

On June 7, 2022, Plaintiff filed the present lawsuit against Defendants Allied and Paramedic Services. Plaintiff alleges that it is "the assignee of benefits for health care services Plaintiff provided to Patient and Patient's designated authorized representative," which means "Patient has conveyed to Plaintiff all rights to pursue recovery of benefits due under the Plan . . . and to bring derivative actions on his behalf . . . ." (*Id.* ¶ 3.) As Patient's purported assignee of benefits, Plaintiff brings four counts against Defendants: recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I); recovery of statutory penalties under 29 U.S.C. § 1132(a)(1)(A) (Count II); misrepresentation (Count III); and promissory estoppel (Count IV). (*Id.* ¶¶ 22-46.) On August 15, 2022, Defendants moved to dismiss Counts I and II under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants contend that Plaintiff does not hold a valid assignment of Patient's right to sue under the Plan. (Dkt. 9 ¶ 5.)

As explained below, the Plan's anti-assignment clause prevents Plaintiff from holding a valid assignment of Patient's right to sue. This means that Plaintiff cannot state an ERISA claim. (Dkt. 9, ¶ 6.) Accordingly, Defendants' motion to dismiss is granted, and Counts I and II are dismissed with prejudice.

---

[1] Plaintiff has filed third and fourth appeals, but Allied had not responded to either appeal as of June 7, 2022, the filing date of Plaintiff's complaint. (*Id.* ¶¶ 18-20.)

**I. STANDARD OF REVIEW**

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the Plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

**II. DISCUSSION**

An ERISA plan "participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan" or "to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Medical providers, however, may not sue under ERISA unless there is a valid assignment of rights from a plan participant or beneficiary. *See W.A. Griffin v. Seven Corners, Inc.*, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021) (whether a medical provider can sue is "not [an issue] of standing but of statutory coverage" under § 1132(a)(1)(B)'s text authorizing civil actions by

"participant[s] or beneficiary[ies]"); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) ("[A] properly assigned ERISA claim makes the assignee a participant or beneficiary within the meaning of the Act."). But an assignment is only valid if "the ERISA plan permits assignment, assignability being a matter of freedom of contract." *Morlan*, 298 F.3d at 615.

Medical providers' ERISA claims are typically barred when a plan contains an anti-assignment clause. For example, when a plan "states unambiguously that its benefits and rights may not be assigned without written consent" and a medical provider fails to obtain such consent, "she is not a valid assignee." *W.A. Griffin*, 2021 WL 6102167, at *2 (granting summary judgment for plan administrator). Indeed, two other judges in this District recently dismissed identical ERISA claims made by Plaintiff against different insurer-defendants because of an anti-assignment clause. *See Advanced Physical Med. of Yorkville, Ltd. v. Cigna Healthcare of Ill. Inc.*, 2023 WL 358575 (N.D. Ill. Jan. 23, 2023) (dismissing with prejudice ERISA claims for benefits and penalties because of plan's anti-assignment clause); *Advanced Physical Med. of Yorkville, Ltd. v. Blue Cross & Blue Shield of Neb.*, 2022 WL 2064855, *2–3 (N.D. Ill. June 8, 2022) (same).

Defendants argue that the Plan explicitly prohibits assignment of Patient's right to sue for benefits and penalties. As the Plan's "Assignment of Benefits" provision states:

> The Plan will use its best efforts to recognize assignment of benefits from providers of services but is not bound by such assignments. *Notwithstanding the foregoing, the Plan will not recognize any assignment of a Covered Person's right to bring a cause of action or*

4

> *otherwise initiate a legal proceeding arising from an adverse benefit determination.* When payment is made directly to the Covered Person (with or without an assignment), it is solely the responsibility of the Covered Person to reimburse the provider.[2]

(Dkt. 9-1 at 57 (emphasis added).) The Court finds, and Plaintiff hardly disputes, that this provision prohibits assignment of a plan participant's right to sue.[3]

Plaintiff nonetheless contends that the anti-assignment clause "does not preclude Plaintiff, as authorized representative, from purs[u]ing the claims," because a separate ERISA regulation, 29 C.F.R. § 2560.503–1(b)(4), and the Plan's claim procedures, provide authorized representatives with independent authority to bring suit. (Dkt. 14 at 2-4.) Section 2560.503–1(b)(4) requires that an ERISA plan's claim procedures "not preclude an authorized representative of a claimant from acting on behalf of such claimant in pursuing a benefit claim or appeal of an adverse benefit determination." 29 C.F.R. § 2560.503–1(b)(4). To be sure, the Plan's claim procedures allow an authorized representative to file first and second level written appeals with

---

[2] Rule 12(d) of the Federal Rules of Civil Procedure generally requires a motion to dismiss under Rule 12(b)(6) to be treated as a motion for summary judgment under Rule 56 if documents outside the pleadings are presented to the district court. Fed. R. Civ. P. 12(d). District courts, however, have discretion to consider certain documents that are referred to in the complaint, authentic, and central to plaintiff's claims without converting the motion to dismiss to a motion for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (proper for district court to consider ERISA plan documents without converting to a motion for summary judgment). Defendants attach the Plan's governing document to their motions to dismiss. The Court elects to consider the documents at this stage because Plaintiff's complaint referred to the Plan document (Dkt. 1 ¶ 28), Plaintiff does not contest the document's authenticity, and provisions within the document are central to Plaintiff's claims.

[3] Plaintiff briefly attempts to distinguish the anti-assignment clause in *W.A. Griffin* from the clause at issue here because "unlike the language in *Griffin*, there is no language [here] related to the requirement for written consent." (Dkt. 14 at 2.) Plaintiff does not explain the significance of this distinction. Nor does this distinction cut in Plaintiff's favor: the anti-assignment clause here suggests no exception based on written consent.

5

the plan administrator. (Dkt. 9-1 at 49, 51.) But this regulation and these claim procedures do not allow Plaintiff to circumvent the Plan's anti-assignment clause.

To begin, ERISA strictly limits the right to bring civil actions to plan "participant[s] and beneificiar[ies]." 29 U.S.C. § 1132(a)(1)(B). An authorized representative is merely "someone authorized to vindicate another's right to benefits," and "[r]epresenting an ERISA beneficiary does not make a provider an ERISA beneficiary itself" entitled to sue. *LB Surgery Ctr., LLC v. Boeing Co.*, 2017 WL 5171222, *4 (N.D. Ill. Nov. 8, 2017) (quoting *Univ. of Wis. Hosps. & Clinics Auth. v. Costco Emp. Benefits Program*, 2015 WL 9455851, at *2 (W.D. Wis. Dec. 23, 2015)). Plaintiff, as authorized representative, can represent Patient's interests, but Plaintiff does not become a "participant or beneficiary" by doing so. *Id.* (rejecting medical provider's argument that it may sue under ERISA as an authorized representative despite anti-assignment clause).

Moreover, section 2560.503–1(b)(4) and the Plan's claim procedures contemplate internal dispute resolution between authorized representatives and the insurance companies, but that fact does not, by itself, greenlight litigation in federal court. (Dkt. 14 at 2.) Section 2560.503–1(b)(4) addresses "internal claims procedures: . . . [they] allow[] a representative to act on the claimant's behalf when dealing with the insurance company, [but they] do[] not bestow upon the representative standing to file suit against the company in federal court." *Infoneuro Grp. v. Aetna Life Ins. Co.*, 2019 WL 3006549, at *9 (C.D. Cal. May 3, 2019) (quoting *AllianceMed LLC v. Aetna Life Ins. Co.*, 2017 WL 394524, at *3 (D. Ariz. Jan. 30,

6

2017)) (cleaned up); *see Atlantic Neurosurgical Specialists P.A. v. United Healthcare Grp., Inc.*, 2021 WL 3124313, at \*9 (D.N.J. July 22, 2021) (section 25060.503–1(b)(4) "applies only to internal appeals and not lawsuits in federal courts" because the regulation "does not discuss the filing of a civil lawsuit"). If the regulation automatically conferred the right to sue upon authorized representatives, anti-assignment clauses long upheld by courts could be easily circumvented. *Infoneuro Grp.*, 2019 WL 3006549, at \*9 (citing *Armijo v. ILWU-PMA Welfare Plan*, 2015 WL 136299562, at \*7 (C.D. Cal. Aug. 21, 2015)).

Plaintiff also highlights the Plan's claim procedures that permit authorized representatives to twice "appeal the [benefits] determination by filing a written application with the *Plan Administrator*." (Dkt. 14, at 2-3 (citing Dkt. 9-1 at 49, 51 (emphasis added)).) These procedures address the Plan's internal appeals process but again, they do not permit authorized representatives to litigate in federal court. Similarly, the "Authorized Representative Form" executed between Plaintiff and Patient distinguishes between an authorized representative and an assignee of benefits and explains that an authorized representative "deal[s] with the Plan on your behalf," but an "assignment allows the Plan to pay benefits directly to the medical provider." (Dkt. 1-2 at 1.) Plaintiff's own form thus contemplates the difference between an authorized representative, who is "authorized to vindicate another's right to benefits," and an assignee, who is "entitled [itself] to a benefit under the plan." *LB Surgery*, 2017 WL 5171222, at \*4.

7

In sum, the Plan's anti-assignment clause negates any assignment to Plaintiff of Patient's right to sue. Neither section 2560.503–1(b)(4) nor the Plan's claim procedures provide authorized representatives with an independent basis for suing in federal court. Accordingly, Plaintiff cannot state a claim under ERISA. Because the anti-assignment provision renders any amendment futile, leave to amend is not warranted. *See Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260, 264 (N.D. Ill. 1996). Counts I and II must therefore be dismissed with prejudice.[4]

## III. CONCLUSION

Defendants' motion to dismiss (Dkt. 9) is granted. Counts I and II are dismissed with prejudice.

SO ORDERED in No. 22-cv-02972.

Date: March 24, 2023

                                                      JOHN F. KNESS
                                                      United States District Judge

---

[4] Defendants also argue that Count II should be dismissed against Allied because "Allied is not a proper defendant." (Dkt. 10, at 4 n.3.) According to Defendants, "[a]ny claim for failure to provide Plan documents must be asserted against the Plan Administrator," and Allied "is not the Plan Administrator under ERISA." (*Id.*) Because Count II is dismissed based on the Plan's anti-assignment clause, however, the Court does not address Defendants' additional argument.